## No. 3064.

### J. C. MURPHY & CO. v. MCCARTHY & FINNERTY.

The demand set up by the defendants in this case is, in its nature, independent from the action brought by the plaintiffs, and should therefore be considered as a principal, and not a reconventional demand.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. James Timony,* for plaintiffs and appellees. *E. Phillips,* for defendants and appellants.

TALIAFERRO, J. The plaintiffs in this case sue the defendants *in solido* for one hundred and forty dollars, the value of five barrels of eggs, the property of the plaintiffs, which they allege were stolen from the levee and found in the possession of the defendants. The answer is a general denial, and it sets up a reconventional demand against the plaintiffs of five thousand dollars as damages, defendants allege they have sustained by the act of the plaintiffs, in getting up against them an unfounded and malicious criminal prosecution as receivers of stolen goods, arising, as plaintiffs pretend, from the fact that a portion of the plaintiffs' eggs was found in the possession of defendants; the defend-

ants asserting that the eggs in controversy found in their possession, were purchased by them in good faith from dealers in that article, and without knowledge that they were stolen property.

The court *a qua* overruled the reconventional demand and gave judgment *in solido* in favor of plaintiffs for $39 90 with interest. The defendants appealed.

The defense, so far as it relates to one of the defendants, McCarthy &amp; Finnerty was abandoned in this court.

There are three bills of exceptions in the record. We deem it important to examine but one of them. The plaintiffs except, that all the parties to this suit being residents of the same parish, and the demand of defendants not necessarily connected with or incidental to the plaintiffs' claim, it can not be set up in reconvention. Article 375 of the Code of Practice provides that: "In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises; provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with or incidental to the main cause of action."

In considering this bill of exceptions the proper inquiry seems to be, is the criminal proceeding complained of necessarily connected with and incidental to the civil action instituted by plaintiffs to recover the value of their property found in possession of the defendants? The defendants allege that they have been injured in character and business by the criminal prosecution instigated against them by the plaintiffs, and that they have sustained heavy damages thereby. They do not pretend that the damages they claim have grown out of the suit the plaintiffs have brought against them to recover the value of the eggs. The civil action of the plaintiffs to recover the value of their property received by the defendants, can not be considered as a defamation of their character. It is not easy, then, to see how the claim for damages is necessarily connected with and incidental to the civil action. The two proceedings, civil and criminal, appear to be distinct and separate, and either may exist without the other. Suppose the plaintiffs had chosen not to sue for the value of the property, and had sought only to have the defendants punished by criminal proceedings against them. The damages in that case, if any had been sustained, would clearly have arisen alone from the criminal

prosecution set on foot by the plaintiffs. The demand in reconvention in that case could not be connected with or be incidental to a civil action that had no existence. The state of things would be the same if, as in the present case, a civil suit existed for the value of the property as well as a criminal prosecution. As, then, the damages, if any, arose solely from the criminal prosecution, it would seem that the article 376 of the Code of Practice would apply:

"If the demand instituted by the defendant be one in its nature independent from the action brought by the plaintiff, it shall be considered as a principal not a reconventional demand, and must be brought at the domicile of the plaintiff."

Here, it seems the demand set up by the defendant is, in its nature, independent from the action brought by the plaintiff, and should be therefore considered as a principal and not a reconventional demand.

The exception should have been sustained, and, it being now so ruled, this court is without jurisdiction.

It is therefore ordered that this case be dismissed at the costs of the appellants.